UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED ASSOCIATES, LTD., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.   1:18-cv-00577JJM-LDA |
| | ) | |
| DAKOTA OUTERWEAR CO., | ) | |
| ROBERT CAMERON, DOYLE ROE | ) | |
| TERRY ROE, CALIFORNIA | ) | |
| SURPLUS INC., AND | ) | |
| RAYMIN KOHENBASH, A/K/A | ) | |
| RAYMOND KOHEN, | ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT

## INTRODUCTION

This is a suit brought by the plaintiff United Associates, Ltd. ("United") against the defendant, Dakota Outerwear Co. ("Dakota"), Robert Cameron, Doyle Roe, Terry Roe, California Surplus Inc., and Raymin Kohenbash a/k/a Raymond Kohen, for permanent injunctions, compensatory damages or statutory damages, treble damages, profits, punitive damages, pre-judgment interest, attorneys' fees, and costs caused by the defendants' negligent, willful and malicious counterfeiting of the defendant's registered trademark.

The defendants are being sued by United as a result of their offer for sale, actual sale, distribution, promotion and advertisement of a garment known as a Multicam® Barricade APECS Parka bearing counterfeits and infringements of United's federally registered trademark. As set forth below, the unlawful acts of the defendants constitute federal trademark infringement and counterfeiting, false designation of origin and false description, and unfair competition under Rhode Island common law.

Civil Action No.   1:18-cv-00577JJM-LDA

## PARTIES

1.      United Associates, Ltd. is a Rhode Island corporation with a principal place of business at 376 Dry Bridge Road E 1, County of Washington, North Kingstown, Rhode Island, is a manufacturer, distributor, promoter, advertiser, marketer, and seller of garments for and to the military and federal government employees.

2.      Dakota is a North Dakota corporation with a principal place of business at 203 72nd Avenue NE, County of Ward Minot, North Dakota.  Dakota holds itself out, on its website, as a:

> "veteran-owned small business providing military clothing, oil field apparel, and accessories . . . dedicated to supplying the US Military, National Guard, police, and other governmental agencies-local, state and federal-with clothing and other gear.  Dakota Outerwear Co. is a GSA contractor (contract #47QSWA18D009J) . . . [that] sell[s] specialized police and military clothing and equipment. [Dakota purports] to use high tech fabrics and fibers designed to provide the utmost in comfort and *safety* in all weather extremes. (Emphasis added).  From hats to boots, gloves, coveralls, uniforms, underwear and individual equipment, whether on duty or off, at work or play, [Dakota has] everything. [Dakota] regularly source[s] hard-to-find police and military clothing products which are either unique or have unique applications, and [Dakota is] . . . always seeking to include the most innovative and cutting edge technology in [its] products."

3.      Defendant Robert Cameron, ("Mr. Cameron"), is an individual who, at all relevant times, was, and is, the President and a director of Dakota, with a residential address of 101 Golf Terrace, Polk County, Crookston, Minnesota 56716.  Mr. Cameron authorized, directed, and participated in the infringement primarily for the benefit of Dakota.

4.      Defendant Doyle Roe is an individual who, at all relevant times was, upon information and belief, a managing employee, agent or servant of Dakota who authorized,

Civil Action No.   1:18-cv-00577JJM-LDA

directed, and participated in the infringement primarily for the benefit of Dakota.  Mr. Roe is a resident of North Dakota with a residential address of 207 Davis Street, Ward County, Burlington, North Dakota 58722.

5.        Defendant Terry Roe is an individual who, at all relevant times, was, upon information and belief, a managing employee, agent or servant of Dakota who authorized, directed, and participated in the infringement primarily for the benefit of Dakota.  Mr. Roe is a resident of North Dakota with a residential address of 6031 Haider Rd, PO Box 268, Ward County, Burlington, North Dakota 58722.

6.        Defendant California Surplus Inc. is a New Jersey corporation with a principal place of business located at 824 Livingston St., Union County, Elizabeth, New Jersey 07201.

7.        Defendant Raymin Kohenbash a/k/a Raymond Kohen is the President of California Surplus Inc.  He is a resident of the State of New York with a residential address of 2216 Quentin Road, Kings County, Brooklyn, New York 11229.  At all relevant times, Mr. Kohenbash authorized, directed, and participated in the infringement.

## JURISDICTION AND VENUE

8.        This Court has subject matter jurisdiction over the federal trademark claims asserted in this Complaint pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1338(a) and 28 U.S.C. § 1331.

9.        This Court has supplemental jurisdiction over the claims asserted in Counts III, IV AND V of this Complaint, which are brought under the common law of the State of Rhode Island, pursuant to 28 U.S.C. § 1367(a).  The claims asserted in Counts III, IV and V of this

Civil Action No.   1:18-cv-00577JJM-LDA

Complaint are so related to the federal trademark claims asserted in this Complaint that they form part of the same case or controversy and arise from a common nucleus of operative facts.

10.     Venue in the District of Rhode Island is proper pursuant to 28 U.S.C. §§ 1391(b)(2).

11.     This Court has personal jurisdiction over each and every defendant pursuant to Rhode Island General Laws § 9-5-33.

12.     Since approximately 2006, Dakota has continuously and systematically placed written orders to United in Rhode Island to purchase the plaintiff's garments.  The garments that Dakota orders from United are shipped from Rhode Island to Dakota's facility in Minot, North Dakota.

13.     Through at least the fully-interactive commercial internet website operating under defendant's domain name, Dakota has targeted and solicited sales from Rhode Island residents by operating an online purchasing system that offers shipping to Rhode Island, accepts payment in U.S. dollars and, on information and belief, has sold garments to members of the military and government employees in Rhode Island.  Dakota is committing tortious acts in Rhode Island, is engaging in interstate commerce, and has wrongfully caused United substantial injury in the State of Rhode Island.

14.     California Surplus and Mr. Kohenbash have, either on their own or in furtherance of an agreement with Dakota to infringe on United's trademark, manufactured, or caused to be manufactured, counterfeit Multicam® Barricade APECS Parkas (the "Multicam® Parka")bearing counterfeits and infringements of United's federally registered trademark with

Civil Action No.   1:18-cv-00577JJM-LDA

full knowledge that through Dakota's fully-interactive commercial internet website operating under Dakota's domain name, have targeted and solicited sales from Rhode Island residents by operating an online purchasing system that offers shipping to Rhode Island, accepts payment in U.S. dollars and, on information and belief, has sold garments to members of the military and government employees in Rhode Island.  California Surplus and Mr. Kohenbash have committed tortious acts in Rhode Island, are engaging in interstate commerce, and have wrongfully caused United substantial injury in the State of Rhode Island.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

15.     United is a manufacturer, promoter, advertiser, marketer and distributor of clothing for active and retired military and federal government employees.  United manufactures, packages and distributes its clothing through several channels including dealers, retailers, distributors, internet sales and mail order catalogues.

16.     United converts knitted fabrics by buying fiber or yarns, knitting it into fabrics, then dyeing in various finishes and colors in accordance with customer or military specifications. United then manufactures various garments in accordance with customer and/or military specifications.

17.     All of United's fabrics and garments are manufactured in United facilities in the United States and then shipped for distribution from its warehouse in North Kingstown, Rhode Island.

18.     United complies with the Berry Amendment by certifying that all materials used in the manufacturing of its Multicam® Parkas are produced in its United States of America

Civil Action No.   1:18-cv-00577JJM-LDA

manufacturing facilities, and that they are fully compliant with 10 U.S.C. 2533(a) which requires that its items be grown reprocessed, reused and produced domestically in the United States.

19.     All garments are inspected at and packaged in United's manufacturing facilities and then randomly re-inspected at its North Kingstown Rhode Island warehouse.

20.     Once the garments are received at the United warehouse, they are either shipped to United customers or placed in inventory.

21.     Since its founding in 2000, United has gained industry recognition for the quality of its military garments and fabrics.

22.     United's direct price is the lowest available price for its garments, including its Multicam® Parka.

23.     United has caused a certain trademark to be registered in the United States Patent and Trademark Office on the Principal Register.  This registration is valid and subsisting and is (Trademark and Service Mark Registration No. 4795726 issued August 18, 2015 ("UNITED JOIN FORCES") for the design plus the words, letters and/or numbers of the United Join Forces logo.  A true and correct copy of this Registration is attached to this Complaint as Exhibit "A" and is incorporated by this reference.

24.     The United trademark is distinctive when applied to its high-quality apparel, signifying to the purchaser that the products come from United and are manufactured to United's quality standards and to the applicable military specifications.  United placed and continues to place this trademarked logo on in-house designed hangtags that are affixed to its garments.

25.     United's Multicam® Parkas, are made using Multicam® fabric.  Multicam® was designed for the use by the U.S. Army and subsequently by the Air Force in varied

Civil Action No.   1:18-cv-00577JJM-LDA

environments, seasons, elevations, and light conditions.  It is a seven-color, multi-environment camouflage pattern developed by Crye Precision in conjunction with the United States Army Soldier Systems Center.

26.     These parkas are manufactured from waterproof, breathable tri-laminate fabric and strictly comply with military specification PD 77AESG 06-02.  The brushed nylon outer shell laminate features NIR technology.  "Near-Infrared (NIR) Signature Management Technology is used to prevent detection of soldiers by enemy NIR Image Converters.  These photocathode devices do not detect temperatures, but rather infrared radiation variances.  NIR-compliant uniforms use a special fabric that allows soldiers to appear at the same radiation level as the surrounding terrain. This allows our military troops to move around enemy territory undetected by NIR Image Converters.  NIR prevents the capture of, injuries to and death of our active troops.

27.     Crye Precision, ("Crye"), located in in Brooklyn, New York,  developed the print, and makes considerable efforts to protect their product.  They receive a royalty per yard sold.

28.     Crye has one exclusive authorized distributor, 1947, LLC, based in Portsmouth Rhode Island.  1947, LLC inspects every inch of its Multicam® fabric and, with few exceptions that do not apply here, destroys any overruns.

29.     For many years, Dakota has been a reseller of military garments, including United's garments, to federal government and military markets.

30.     Among the products sold by the defendant are the Multicam® APECS Parkas with the United designation.

Civil Action No.   1:18-cv-00577JJM-LDA

31.   Upon information and belief, Dakota decided to conspire with California Surplus and Mr. Kohenbash to manufacture or cause to be manufactured counterfeit Multicam® APECS Parkas bearing United's registered trademark.

32.   Upon information and belief, Dakota, after United's adoption of and use of its registered trademark on Multicam® APECS Parkas, has, directly and through its website, advertised, distributed, promoted, offered for sale, and has sold, in interstate commerce, counterfeits of Multicam® APECS Parkas with United's trademark to distributors and military base supply centers.

33.   The spurious marks or designations used by the defendant in interstate commerce are identical with, or substantially indistinguishable from, the United Trademark on the Multicam® APECS Parkas. *See*, Exhibit "B", counterfeit tag and Exhibit "C", authentic United tag.

34.   On information and belief, the Dakota defendants purchased authentic samples of United's Multicam® APECS Parkas bearing United's trademark, and provided these authentic samples to Mr. Kohenbash with the express intent of having Mr. Kohenbash to cause to be reproduced counterfeit Multicam® Parkas with counterfeit hang tags displaying United's trademark.

35.   In November, 2017, United discovered that counterfeit Multicam® Parkas displaying United's trademark were being sold by Dakota to a military base supply center ("BSC") located at Cannon Air Force base in Clovis, New Mexico ("Cannon").

Civil Action No.   1:18-cv-00577JJM-LDA

36.   San Antonio Lighthouse for the Blind and Vision impaired operates 15 Base Supply Centers ("BSC") on eleven (11) military installations located in Texas, Oklahoma and New Mexico. One of these BSC's is Cannon Air Force Base located in Clovis, New Mexico.

37.   Employees of the Cannon BSC determined that it was receiving United's Barricade APECS Multicam® Parkas directly from United and also from one of United's dealers—namely, the defendant, Dakota.

38.   Cannon's employees determined that it had paid Dakota less for what Cannon believed was an authentic United Multicam® Parka than it had paid to purchase the Multicam® Parka directly from United.

39.   Upon close inspection, Cannon's representative determined that the garments and the hangtags looked different when compared side-by-side. *See* Exhibit "D", authentic United Multicam® Parka with authentic United tag and Exhibit "E", counterfeit Multicam® Parka with counterfeit United tag; and Exhibit "F", authentic and counterfeit United tag side-by-side.

40.   Cannon's BSC representative contacted United and reported the discrepancy in price and in the appearance of the Parkas.

41.   Cannon's representative also sent United photographs of the two (2) garments side by side and also sent United the two (2) garments.  Exhibit "G", Cannon photograph of portion of authentic and counterfeit Multicam® Parka side-by-side.

42.   Upon receipt and inspection, United determined that the "other" Multicam® Parka and hangtag were not manufactured and sold by United.

43.   Upon information and belief, a large number of counterfeit Multicam® APECS Parkas were delivered and sold by Dakota to the San Antonio Lighthouse for the Blind and

Civil Action No.   1:18-cv-00577JJM-LDA

Vision Impaired for distribution and sale at its 15 BSCs located on eleven (11) military installations in Texas, Oklahoma and New Mexico.

44.    The hangtags containing United's trademark on the garment that was not made by United were counterfeit.

45.    United had the suspected counterfeit Multicam® APECS Parka bearing an identical counterfeit copy of the plaintiff's trademark tested by an independent laboratory.  The testing of the counterfeit Multicam® APECS Parka revealed that it does not meet the required military specifications and was not authentic licensed Multicam® fabric.  Therefore it is counterfeit and infringing.

46.    The act of manufacturing the counterfeit hangtags displaying United's trademark, and representing that the Multicam® APECS Parka were authentic, were calculated to confuse and to deceive the public and were performed with full knowledge of United's rights.

47.    Dakota is not now, nor has it ever been, associated, affiliated or connected with, or endorsed or sanctioned by United.

48.    United has never authorized or consented in any way to the use by Dakota of the United Registered Trademark or copies thereof.

49.    The defendant's use of the United Trademark or copies thereof on the defendant's garment(s) is likely to cause purchasers in the authorized chain of distribution and sale to believe erroneously that the goods sold by the defendant emanate or originate from United, or that said items are authorized, sponsored, or approved by United, even though they are not.

Civil Action No.   1:18-cv-00577JJM-LDA

50.    This confusion causes irreparable harm to United, and potential physical harm-- including capture, injury and even death--to active military troops who purchased a Multicam® Parka and weakens the distinctive quality of the United trademark.

51.    By using counterfeits and infringements of the United trademarks on the defendant's garments, Dakota is trading on the goodwill and reputation of United and creating the false impression that the defendants' parkas are United's legitimate Multicam® Parkas.

52.    The defendants have been unjustly enriched by illegally using and misappropriating United's intellectual property for the defendants' own financial gain.

53.    Furthermore, the defendants have unfairly benefited and profited from United's outstanding reputation for high-quality products and its significant advertising and promotion of its APECS Multicam® Parka by creating a false association with United, its genuine garment(s) and its Trademark.

54.    The defendants have disparaged United, its trademark and its garments products by creating a false association with United, its genuine goods and its trademark.

55.    United has had no control over the nature and quality of the garments manufactured, advertised, distributed and sold by the defendants bearing counterfeits and infringements of United's trademark.

56.    Among other things, the defendants' distribution, sale, offers of sale, promotion and advertisement of its counterfeit Parkas has reflected adversely on United as the believed source of origin thereof, hampered continuing efforts by United to protect its outstanding reputation for high-quality, originality and distinctive goods, and has tarnished the goodwill and

Civil Action No.   1:18-cv-00577JJM-LDA

demand for genuine United garments and products and, upon information and belief, will continue to do so.

57.     Upon information and belief, the defendants have acted with reckless disregard for United's rights or were willfully blind in connection with their unlawful activities.

58.     Upon information and belief, the defendants have willfully and maliciously engaged in their counterfeiting and infringing activities.

59.     As a result of the foregoing, this case constitutes an exceptional case under 15 U.S.C. § 1117(a) or a case of intentional counterfeiting under 15 U.S.C. § 1117(b).

60.     United has suffered irreparable harm and actual damages as a result of the acts of the defendants in an amount thus far not determined.

61.     The injuries and damages sustained by United have been directly and proximately caused by the defendants' wrongful advertisement, promotion, distribution, sale and offers of sale of its garments bearing infringements or counterfeits of the United trademark.

62.     United has no adequate remedy at law.

63.     The defendants' wrongful acts will continue unless enjoined by the Court.

64.     Accordingly, the defendants must be restrained and enjoined from any further counterfeiting or infringement of the United trademark.

65.     As a result of these and other activities, defendants have committed and are committing acts of trademark infringement willfully, deliberately and with prior notice and knowledge of United's registered trademark.

Civil Action No.   1:18-cv-00577JJM-LDA

66.     Upon information and belief, defendants' acts of unlawfully infringing on United's registered trademark has been continuous and ongoing, beginning well prior to the events set forth above.

## COUNT I – ALL DEFENDANTS
### (Federal Trademark Infringement -- 15 U.S.C. § 1114 et seq.)

67.     United hereby incorporates by reference the allegations of paragraphs 1 through 66 of its complaint as if fully set forth herein.

68.     United has marketed, advertised and promoted its military garments under its trademark and logo, and, as a result of this marketing, advertising and promotion, these military garments and the United trademark have come to mean and are understood to signify the products of United, and they are the means by which those products are distinguished from the products of others in the same and in related fields.

69.     Because of the long, continuous and exclusive use of the trademark described in this complaint, United's registered trademark has acquired a secondary meaning associated by authorized foreseeable dealers, distributors and purchasers of United's military garments, including its Multicam® Parkas.

70.     The defendants' negligent, reckless or willful activities constitute use in interstate commerce of a reproduction, counterfeit, copy and/or colorable imitation of United's trademark. Such activities are likely to cause confusion, mistake or deception as to the source, origin or approval of the infringing United product(s).

Civil Action No.   1:18-cv-00577JJM-LDA

71.   Further, the defendants' activities are intended to, and are likely to, lead the public to conclude, incorrectly, that the defendant's infringing garment that it marketed, distributed, manufactured, advertised and/or duplicated and sold originate with, are sponsored by or are authorized by United, to the damage and harm of United, the United States government, its distributors, agents, members of the armed forces, and to the public. The defendants' activities constitute willful and deliberate infringement of United's federally-registered trademark in violation of the Lanham Trademark Act, including but not limited to 15 U.S.C. § 1114(1).

72.   As a result of the foregoing, United has been damaged in an amount that will be ascertained according to proof. In addition to United's actual damages, United is entitled to receive defendants' profits pursuant to 15 U.S.C. § 1117(a). These actual damages and profits should be trebled pursuant to 15 U.S.C. § 1117(b), because the defendants' violation of United's trademark was willful. In the alternative, United, at its election, is entitled to statutory damages in the amount of $2,000,000 for each mark counterfeited pursuant to 15 U.S.C. § 1117(c), and these statutory damages should be enhanced in accordance with 15 U.S.C. § 1117(c)(2) because the defendant's violation of United's trademark was willful.

73.   The defendants' activities have caused and will cause irreparable harm to United for which United has no adequate remedy at law in that : (i) if defendant's wrongful conduct continues, consumers are likely to become further confused as to the source of United's garments; (ii) United's trademark is unique and valuable property that has no readily determinable market value; (iii) the infringement by the defendant constitutes an interference with United's goodwill and customer relationships; and (iv) defendant's wrongful conduct and the damages resulting to United are continuing. Accordingly, United is entitled to injunctive

Civil Action No.   1:18-cv-00577JJM-LDA

relief pursuant to 15 U.S.C. § 1116(a), and to an order under 15 U.S.C. §§ 1116(a), 1116(d)(1)(A) and 28 U.S.C. § 1651 impounding all copies of counterfeit and infringing United garments.

74.    On information and belief, the defendants have committed the acts alleged above with previous knowledge of United's prior use and superior rights to the trademark and with previous knowledge of the reputation of United's trademark in interstate commerce.  Further, the defendants' actions were for the willful and calculated purpose of trading upon United's goodwill and for the willful and calculated purpose of distributing its infringing United products based upon the goodwill of United's trademark and business reputation, so as to mislead and deceive purchasers and the public.  The defendants' actions are likely to cause confusion and mistake among purchasers and the public as to the origin or association of its infringing products, all to the defendants' gain and United's damage.

75.    United is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117.

### COUNT II – ALL DEFENDANTS
### (False Designation Of Origin, False Description And False Representation Of United Packaging--15 U.S.C. § 1125 *et seq.*)

76.    United hereby incorporates by reference the allegations of paragraphs 1 through 75 of its complaint as if fully set forth herein.

77.    United has designed distinctive and aesthetically pleasing displays, logos, hangtags and packaging for the United garments.  These displays, logos, hangtags, icons and packaging are easily recognized by the authorized dealers, distributors and members of the United States Armed Forces who purchase these garments and are understood to mean that the

Civil Action No.   1:18-cv-00577JJM-LDA

products connected with them originate with United and are genuine United garments made in the United States of America.

78.   The defendants' activities of marketing, advertising, manufacturing, distributing and/or duplicating displays, logos, hangtags and/or packaging that are virtually indistinguishable from the United displays, logos, hangtags and packaging constitute false designation of origin, false description and false representation that defendant's garments originate from or are sponsored, approved or authorized by United.  Thus, the defendants' activities constitute violations of § 43(a) of the Lanham Trademark Act, 15 U.S.C. § 1125(a).

79.   As a result of defendants' activities of marketing, advertising, manufacturing, distributing and/or duplicating the United displays, logos, hangtags and packaging, United has lost sales and profits and has suffered and will continue to suffer irreparable injury to its business reputation and goodwill.  United's remedy at law is not by itself adequate to compensate it for injuries inflicted and threatened by defendants.

80.   By reason of the defendants' acts of false designation, description and representation, as alleged above, United has suffered and will continue to suffer substantial damage to its business reputation and goodwill, as well as diversion of trade and loss of profits in an amount that will be ascertained according to proof.

81.   The defendants' acts of false designation, description and representation, as alleged above, have caused United irreparable injury, and defendants threaten to continue to commit such acts and, unless restrained and enjoined, will continue to do so, all to United's irreparable injury.

Case 1:18-cv-00577-JJM-LDA   Document 13-1   Filed 01/14/19   Page 18 of 23 PageID #: 88

Civil Action No.   1:18-cv-00577JJM-LDA

82.    United's remedy at law is not adequate to compensate it for injuries inflicted and threatened by the defendants.

## COUNT III – ALL DEFENDANTS
### (Rhode Island Common Law Unfair Competition or Equivalent)

83.    United hereby incorporates by reference the allegations of paragraphs 1 through 82 of its complaint as if fully set forth herein.

84.    The acts and conduct of the defendant, as alleged above, including but not limited to passing off the defendant's Parkas as United's garments, are likely to confuse and mislead the authorized dealers, distributors and members of the United States Armed Forces who purchase these garments into purchasing defendant's garments when the United States government, government personnel, the members of the United States military, dealers distributors, the general public, or individual members thereof, actually intended to purchase United's garments. These acts and conduct of the defendants constitute unfair competition under Rhode Island common law.

85.    The acts and conduct of the defendants, as alleged above, were committed recklessly, intentionally and fraudulently committed.

86.    The acts and conduct of the defendants, as alleged above, have damaged, and will continue to damage, United's goodwill and reputation and have resulted in a loss of revenue to United and an unlawful profit to the defendants in an amount that will be ascertained according to proof.

Civil Action No.   1:18-cv-00577JJM-LDA

## COUNT IV – ALL DEFENDANTS
### (For Imposition Of A Constructive Trust Upon Illegal Profits)

87.     United hereby incorporates by reference the allegations of paragraphs 1 through 86 of its complaint as if fully set forth herein.

88.     By reason of the acts and conduct set forth herein, the defendants have engaged and are engaged in deceptive, fraudulent and wrongful conduct in the nature of passing off their Parkas as genuine United Multicam® Parkas, or components thereof, in commerce.  United believes that the defendants are in possession of the illegal profits from its actions, all of which belong to United.

89.     United is not presently aware of where the defendants may have deposited all of its illegal profits from the defendants' wrongful acts against United.  United believes that the defendants' illegal profits--whether in the form of bank accounts or in the form of real or personal property--will eventually be traced.

90.     By virtue of its wrongful acts, the defendants have been unjustly enriched and therefore hold the illegal profits from its actions as a constructive trustee for the benefit of United.

## COUNT V
### (Accounting)

91.     United hereby incorporates by reference the allegations of paragraphs 1 through 90 of its complaint as if fully set forth herein.

92.     United is entitled pursuant to 15 U.S.C. § 1117 to recover any profits of the defendants that are attributable to the defendants' acts of infringement.

Civil Action No.   1:18-cv-00577JJM-LDA

93.    United is entitled pursuant to 15 U.S.C. § 1117 to actual damages or statutory damages sustained by virtue of the defendants' acts of infringement.

94.    The amount of money due from the defendants to United is unknown to United and cannot be ascertained without an accounting of the number of units of counterfeit and infringing Parkas that were offered for distribution and sale and that were distributed and sold by the defendants.

## REQUESTS FOR RELIEF

WHEREFORE, United respectfully requests judgment as follows:

(1)    That the Court enter a judgment against the defendants,  jointly and severally, that they have:

(a)    Negligently, recklessly and willfully infringed the rights of United in its federally-registered trademark under 15 U.S.C. § 1114;

(b)    committed and is committing acts of false designation of origin, false or misleading description of fact and false or misleading representation against United as defined in 15 U.S.C. § 1125(a);

(c)    competed unfairly with United at common law; and

(d)    otherwise injured the business and business reputation of United by their acts and conduct set forth in this Complaint;

(2)    That the Court issue permanent injunctive relief against the defendants, and that the defendants, their officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with defendant, be enjoined and restrained from:

(a)    imitating, copying, or making any other unauthorized use or unauthorized distribution of products protected by United's Registered Trademark, including but not limited to the following Trademark Registration No.

Civil Action No.   1:18-cv-00577JJM-LDA

4,795,726 and any other works now or hereafter protected by any United trademark;

(b)    manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting or displaying any product or thing bearing any simulation, reproduction, counterfeit, copy or colorable imitation of United's Registered Trademark including but not limited to the marks and copyrights represented by the Trademark listed in Section (2)(a) above;

(c)    using any simulation, reproduction, counterfeit, copy or colorable imitation of United's Registered Trademark listed in Section (2)(a) above, in connection with the manufacture, assembly, production, distribution, offering for distribution, circulation, sale, offering for sale, import, advertisement, promotion or display of any garment or thing not manufactured by United;

(d)    engaging in any other activity constituting an infringement of United's trademarks or copyrights or of United's rights in, or right to use or to exploit, said trademarks or constituting any dilution of United's name, reputation or goodwill.

(e)    using any false designation of origin or false description that can or is likely to lead purchasers of United's garments to erroneously believe that any garment has been manufactured, assembled, produced, distributed, offered for distribution, circulated, sold, offered for sale, advertised, promoted, displayed, licensed, sponsored, approved or authorized by or for United, when such is not true in fact;

(f)    disposing of or destroying any documents or related materials that show, indicate, reference or otherwise document that defendant have installed, marketed, manufactured, distributed, advertised or duplicated counterfeit or infringing garments that either contain United's trademarks, a colorable imitation or counterfeit of United's trademarked garments; and

(g)    assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (f) above;

(3)    That this Court enter an order declaring that the defendants hold in trust illegal profits obtained from its distribution of counterfeit and infringing copies of United's products;

Case 1:18-cv-00577-JJM-LDA   Document 13-1   Filed 01/14/19   Page 22 of 23 PageID #: 92

Civil Action No.   1:18-cv-00577JJM-LDA

    (4)     That the Court order defendants, jointly and severally, to pay United's general,

special, actual and/or statutory damages as follows:

          (a)    United's damages and the defendants' profits pursuant to 15 U.S.C. § 1117(a), trebled pursuant to 15 U.S.C. § 1117(b), or, in the alternative, enhanced statutory damages pursuant to 15 U.S.C. §1117(c)(2), for defendants' willful violation of United's registered trademarks; and

          (b)    United's damages and the defendants' profits resulting from the defendant's unfair competition with United under the common law of the State of Rhode Island;

    (5)     That the Court enter an order that the defendants hold its illegal profits as

constructive trustees for the benefit of United and requiring the defendants to provide United a

full and complete accounting of all amounts due and owing to United as a result of the

defendants' illegal activities;

    (6)     That the Court order the defendants, jointly and severally, to pay to United both

the costs of this action and the reasonable attorneys' fees incurred by it in prosecuting this action;

and

    (7)     That the Court grant to United such other and additional relief as is just and

proper.

## JURY TRIAL CLAIM

    The plaintiff, United Associates, Ltd., requests a trial by jury on all claims triable as a

matter of right.

Civil Action No.   1:18-cv-00577JJM-LDA

UNITED ASSOCIATES, LTD.

By its Attorneys,

DAVID E. MAGLIO & ASSOCIATES, P.C.

/s/ David E. Maglio, Esq.
David E. Maglio, #3459
The Owen Building
101 Dyer Street, Second Floor
Providence, RI  02903
(401) 831-5400
(401) 831-7979 FAX
dmaglio@magliolaw.com

Dated:  January 14, 2019

H:\clients\United\Pleadings\First Amended Complaint

# EXHIBIT "A"

Case Case cv-1805 7-005F7-LDA Document 13-2 Filed 05/20181471ge Page 42 Page Page 23 #: 95

# United States of America

## United States Patent and Trademark Office



**UNITED**

JOIN FORCES.

**Reg. No. 4,795,726**

**Registered Aug. 18, 2015**

**Int. Cl.: 25**

**TRADEMARK**

**PRINCIPAL REGISTER**

UNITED ASSOCIATES LTD (RHODE ISLAND CORPORATION)
93 CEDAR GROVE DRIVE
EXETER, RI 02822

FOR: CLOTHING, NAMELY, BASE LAYERS; COVERALLS; CREW NECKS; FLEECE BOTTOMS; FLEECE TOPS; GLOVES; HEAD WEAR; JACKETS; NECK GAITERS; OVER-TROUSERS; PANTS; PARKAS; RAINWEAR; SHIRTS; SOCKS; SPORTS BRAS; TOPS; UN-DERWEAR; WATERPROOF JACKETS AND PANTS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 9-0-2012; IN COMMERCE 9-0-2012.

THE MARK CONSISTS OF THE WORD "UNITED" IN STYLIZED LETTERS ABOVE THE WORDING "JOIN FORCES.", ALL SHOWN BENEATH THE DESIGN OF A SHIELD FORMED BY A HORIZONTAL BAR ABOVE A SERIES OF VERTICAL STRIPES.

SN 85-963,750, FILED 6-19-2013.

JOHN DWYER, EXAMINING ATTORNEY



*Michelle K. Lee*

Director of the United States
Patent and Trademark Office



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Fri Oct 19 04:51:02 EDT 2018*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP

Logout | Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

TSDR | ASSIGN Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

**UNITED**
JOIN FORCES.

| | |
|---|---|
| Word Mark | UNITED JOIN FORCES. |
| Goods and Services | IC 025. US 022 039. G & S: Clothing, namely, base layers; Coveralls; Crew necks; Fleece bottoms; Fleece tops; Gloves; Head wear; Jackets; Neck gaiters; Over-trousers; Pants; Parkas; Rainwear; Shirts; Socks; Sports bras; Tops; Underwear; Waterproof jackets and pants. FIRST USE: 20120900. FIRST USE IN COMMERCE: 20120900 |
| Mark Drawing Code | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| Design Search Code | 24.01.01 - Shields or crests (plain) with neither a figurative element nor an inscription contained therein or superimposed thereon<br>26.17.01 - Bands, straight; Bars, straight; Lines, straight; Straight line(s), band(s) or bar(s); Lines, horizontal<br>26.17.05 - Bands, horizontal; Bars, horizontal; Horizontal line(s), band(s) or bar(s); Lines, diagonal<br>26.17.06 - Bands, diagonal; Bars, diagonal; Diagonal line(s), band(s) or bar(s); Lines, diagonal |
| Serial Number | 85963750 |
| Filing Date | June 19, 2013 |
| Current Basis | 1A |
| Original Filing Basis | 1B |
| Published for Opposition | November 5, 2013 |
| Registration Number | 4795726 |
| Registration Date | August 18, 2015 |
| Owner | (REGISTRANT) United Associates Ltd CORPORATION RHODE ISLAND 93 Cedar Grove Drive Exeter RHODE ISLAND 02822 |
| Attorney of Record | Timothy H. Hiebert |
| Description | Color is not claimed as a feature of the mark. The mark consists of the word "UNITED" in stylized letters above the |

Case Case cv:186v-0057-LDA cDocmenple01..15led.F082/081.G/1s Payge44Payel Pate 25 #: 97

10/19/2018

of Mark        wording "JOIN FORCES.", all shown beneath the design of a shield formed by a horizontal bar above a series of vertical stripes.

Type of        TRADEMARK
Mark
Register       PRINCIPAL
Live/Dead      LIVE
Indicator

TESS HOME   NEW USER   STRUCTURED   FREE FORM   BROWSE DICT   SEARCH OG   TOP   HELP

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

# EXHIBIT "B"



Case 1:18-cv-00577-MSM-LDA   Document 18   Filed 02/15/19   Page 21 PageID #: 100

# EXHIBIT "C"

Case 1:18-cv-00577-MSM-LDA   Document 18   Filed 02/15/19   Page 2 of 2   PageID #: 101



# EXHIBIT "D"



# EXHIBIT "E"



# EXHIBIT "F"

Case 1:18-cv-00577-MSM-LDA   Document 18   Filed 02/15/19   Page 2 of 2 PageID #: 107



# EXHIBIT "G"

